IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-326-BO

| | |
|---|---|
| MATTHEW R. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

ORDER

This cause comes before the Court on cross-motions for judgment on the pleadings. A

hearing was held on these matters before the undersigned on February 21 in Raleigh, North

Carolina. For the reasons discussed below, decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of

the Commissioner denying his claim for disability insurance benefits ("DIB") pursuant to Title II

of the Social Security Act, 42 U.S.C. § 401-433. Plaintiff alleged disability beginning on

November 15, 2011. Plaintiff protectively filed his application for DIB on June 18, 2012. After

initial denial and reconsideration denial, a hearing was held before an Administrative Law Judge

(ALJ), who issued an unfavorable ruling on April 15, 2015. This decision became the final

decision when the Appeals Council denied plaintiff's subsequent request for review. Plaintiff

then timely sought review of the decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review

of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments

2

("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined that plaintiff was not engaged in substantial gainful activity at step one. He was found to have the following severe impairments at step two: residuals from a fractured right distal clavicle, lumbar spondylosis, degenerative disc disease of the cervical spine, affective disorder, and anxiety. He did not meet a listing at step three, and was found not able to perform his past relevant work at step four. At step five, the ALJ found that his residual functional capacity was light with some exertional and non-exertional limitations, such as not reaching overhead with his right arm and only occasionally pushing, pulling or reaching with his right arm. Finally, the ALJ determined that while plaintiff could not return to his past work, other jobs existed in significant numbers in the national economy that he could do, including as a ticket seller, order caller, and ticket taker.

Here, the ALJ's determination was based on substantial evidence and should be affirmed. Plaintiff makes two arguments: first, that the ALJ did not appropriately consider plaintiff's limitations in handling and fingering, and second, that the VE's testimony about the jobs was inconsistent with the Dictionary of Occupational Titles ("DOT"). Both of these arguments fail.

Plaintiff argues that due to the effects of his clavicle fracture, he has limited mobility in his right hand, and the ALJ did not include a fingering limitation in the RFC. The lack of a particular limitation in an RFC is only problematic if it affects the outcome of the case. As this specific limitation does not, it is harmless error and the ALJ's finding remains supported by substantial evidence. The ALJ gave weight to the testimony that plaintiff could occasionally reach, handle, and finger with his right arm, Tr. 23, 25, but did not specifically include manipulative limitations in the RFC limitations. This was harmless error because the jobs identified were still available in the same numbers when the person performing them could only occasionally handle and finger. Tr. 63-64. In fact, the VE testified specifically that two of the jobs, order caller and ticket taker, could be done with one hand. Tr. 69. Because of this, the lack of the manipulative limitation did not affect the jobs available for plaintiff at step five, and the error was harmless.

The VE's testimony was likewise not inconsistent with the DOT. If the VE's testimony is different than the DOT, the ALJ bears the burden of clarifying the number of jobs available that are performed according to the plaintiff's limitations. *See Pearson v. Colvin*, 801 F.3d 204 (4th Cir. 2015). Plaintiff argues that the DOT does not distinguish between handling and fingering by the left hand or the right hand for these jobs, and so the VE testimony is different from the DOT. As discussed above, the VE explained how many order caller and ticket taker jobs could be performed with one hand, and that they exist in significant numbers in the national economy. Tr. 63-64. The VE also explained how many ticket seller jobs could be done with only occasional handling and fingering by the right hand, with the rest of the handling done by the left hand. *Id.* Because of this, the determination of the VE was not inconsistent with the DOT and remand is not appropriate.

4

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 12] is DENIED and defendant's motion for judgment on the pleadings [DE 14] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this _27_ day of February, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE